UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK BROWN, | Case No. 2:21-cv-01271-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| MARY PATTERSON, *et al.*, | ECF No. 2 |
| Defendants. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) FILE AN AMENDED COMPLAINT; OR |
| | (2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED |
| | ECF No. 1 |
| | THIRTY-DAY DEADLINE |

Plaintiff Frederick Brown is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He has filed a complaint containing three separate and unrelated claims, none of which are cognizable. *See* ECF No. 1. I will give plaintiff an opportunity to file an amended complaint that contains only related claims and that cures the deficiencies in his allegations. If he fails to do so, I will recommend that his complaint be dismissed. I will also grant his application to proceed *in forma pauperis*. ECF No. 2.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's complaint contains three separate and unrelated claims. First, he alleges that, while detained at Stanton Correctional Facility ("SCF") in Solano County, a nurse for Well Path Medical gave him the wrong medication, causing his health to deteriorate and his blood pressure to rise to dangerous levels. ECF No. 1 at 3. Second, he alleges that medical personnel have

declined or failed to provide certain soft shoes that he was prescribed for his diabetes, causing him pain and difficulty walking. *Id*. at 4. Third, he alleges that during the adjudication of his criminal case, several of his constitutional rights were violated by the presiding judge, defendant Healy. *Id.* at 5.

These claims bear insufficient factual and legal relation to each other and so are unsuited to proceed in a single action. *See, e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."). Although two of plaintiff's claims concern inadequate medical care, that is the extent of their similarity: whether a nurse exhibited deliberate indifference by providing plaintiff the wrong medication is a different question from whether Well Path exhibited deliberate indifference by failing to provide him soft shoes. Plaintiff's third claim, alleging constitutional violations related to the adjudication of his criminal case, is unrelated to the medical care he received while at SCF. Plaintiff, if he amends his complaint, should ensure that his claims stem from "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). If he fails to abide by that rule, I may add or drop parties as justice requires.

Even if plaintiff's claims had been brought independently of each other, they would not survive screening in their current form.

Claims of inadequate medical care "brought by pretrial [or civil] detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Under this standard, plaintiff must allege facts from which to infer: (1) "[t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;" (2) "[t]hose conditions put the plaintiff at substantial risk of suffering serious harm;" (3) the defendant's conduct was objectively unreasonable . . . ; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries." *Id.* (citing *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). The "mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071 (citations omitted). Thus, to adequately plead objective

deliberate indifference, plaintiff must plead facts from which to infer that a defendant acted with "something akin to reckless disregard" for his health. *Id.*

Plaintiff's first claim does not meet this standard. He alleges that his health began to deteriorate after a nurse, whom he does not identify, gave him the wrong medication; it is unclear whether plaintiff is alleging more than one such incident. ECF No. 1 at 3. This claim cannot survive screening because it fails to identify a defendant responsible for the alleged actions.[1] *See Bonnette v. Dick*, No. 18-0046, 2020 WL 3412733, at *3 (E.D. Cal. June 22, 2020) (holding that allegations do not provide sufficient notice when they "fail to adequately describe specific actions taken by each of the defendants named in the complaint"). Moreover, without additional facts, an allegation that a nurse committed an error on a single occasion indicates a mere lack of due care or negligence, which is insufficient to state a claim of objective deliberate indifference. *See Eiland v. Doe*, No. 2:18-CV-1042-MCE-KJN-P, 2018 WL 2684163, at *4 (E.D. Cal. June 5, 2018) (holding that an allegation that a physician "misdiagnosed plaintiff's pain and swelling as gout and prescribed a drug he should not have taken for three days" does not state a claim of objective deliberate indifference").

In his second claim, plaintiff alleges that defendant Well Path Medical failed to provide him with the soft-soled shoes that he was prescribed for his diabetes and gout. ECF No. 1 at 4. Although this claim comes closer to supporting an inference of deliberate indifference to plaintiff's medical needs, it similarly fails to identify improper conduct by an individual defendant, naming only Well Path as a defendant. "Organizational defendants" like Well Path "are not vicariously liable for the torts of their employees and agents under § 1983 . . . [,] but [they] may be liable for their unconstitutional policies and customs." *Est. of Miller v. Cty. of Sutter*, No. 2:20-CV-00577-KJM-DMC, 2020 WL 6392565, at *11 (E.D. Cal. Oct. 30, 2020) (citations omitted). Plaintiff has not alleged that Well Path maintained an unconstitutional policy or custom. Plaintiff is advised that he must "allege with at least some degree of particularity

---

[1] Plaintiff names three defendants but does not connect any of them with the facts alleged in Claim I. A later filing appears to clarify that "the nurse" mentioned in his allegations is defendant Patterson. This does not suffice. Plaintiff is advised that a complaint must be complete on its face without reference to another pleading. *See* E.D. Cal. Local Rule 220.

4

overt acts which defendants engaged in that support [his] claim." *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984).

Finally, plaintiff's remaining claim, alleging several constitutional violations associated with his criminal case, fails for two reasons. ECF No. 1 at 5. First, defendant Healy—the only defendant named in connection with this claim—is a state court judge and is therefore "absolutely immune from damage liability for acts performed in [his] official capacit[y]." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Second, to the extent plaintiff is seeking to challenge the outcome of his criminal case or the validity of his confinement, § 1983 is not the proper vehicle. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140-41 (9th Cir. 2005).

I will give plaintiff leave to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serve any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    April 26, 2022                     /s/ Jeremy Peterson
                                             JEREMY D. PETERSON
                                             UNITED STATES MAGISTRATE JUDGE